IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BELTRAN | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:15cv127-HSO-JCG |
| | § | |
| PEARL RIVER COUNTY & DAVID | § | |
| ALLISON in his Official Capacity | § | |
| as Sheriff of Pearl River County | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION [25] TO DISMISS STATE LAW CLAIMS**

BEFORE THE COURT is a Motion [25] to Dismiss State Law Claims filed by Defendants Pearl River County (the "County") and David Allison in his official capacity as County Sheriff ("Sheriff Allison").  Defendants move the Court to dismiss Plaintiff Christopher Beltran's State law claims because Defendants are immune from liability under Mississippi Code Annotated § 11-46-9(1)(m).  This Motion has been fully briefed.

Having considered the parties' briefs, the record, and relevant legal authority, the Court finds that Defendants are immune from liability as to Plaintiff's State law claims.  Defendants' Motion is well-taken and will be granted.  Plaintiff's State law claims will be dismissed.

I. BACKGROUND

A.   Factual Background

Plaintiff was an inmate at the Pearl River County Detention Center under the care of the Pearl River County Sheriff's Department on April 29, 2014, when he suffered an injury to his left testicle.  Compl. [1]. at ¶ 7–8.  Plaintiff was seen by a

nurse practitioner regarding the injury and given antibiotics. *Id.* at ¶10. Plaintiff alleges that after he received this medical care, he continued to suffer pain and swelling, but was not afforded further medical treatment, despite his oral and written requests to staff at the jail. *Id.* at ¶ 12.

Upon his release on May 30, 2014, Plaintiff sought treatment for his injury at Forrest General Hospital's emergency room in Hattiesburg, Mississippi. *Id.* at ¶13. Plaintiff's testicle was surgically removed. *Id.* at ¶15. Plaintiff alleges that had he been given proper medical care by Defendants, this surgery would not have been necessary. *Id.* at ¶16.

B.  Procedural History

Plaintiff filed his Complaint [1] against the County and Sheriff Allison on April 17, 2015. Plaintiff alleges 42 U.S.C. § 1983 claims that Defendants violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, and asserts State law claims for "negligence, gross negligence, trespass, excessive force, assault, battery, defamation, negligent training, negligent supervision, malicious prosecution, harassment, conspiracy, outrage, and failure to provide medical treatment." *Id.* at ¶¶ 37, 40. Plaintiff seeks damages for the cost of his medical bills and for emotional distress. *Id.* at ¶¶43–44.

Defendants' Answers [4, 5] raise a number of affirmative defenses, including sovereign immunity. Cty. Answer [4] at 7–8; Allison Answer [5], at 7. On October 14, 2015, Defendants filed the instant Motion [25] to Dismiss State Law Claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants argue that they are immune from liability for Plaintiff's State law claims under section 11-46-9(1)(m) of the Mississippi Code, which states:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . .
> . . .
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m).

Plaintiff's Response in Opposition [28] sets forth two reasons why Defendants are not immune from suit under State law. First, Plaintiff argues that Defendants have waived the immunity defense by participating in the litigation and failing to bring the motion to dismiss at the earliest possible time. Resp. [28], at 3–8. Second, Plaintiff asserts that because Defendants failed to follow the specific State mandate to provide medical care to an inmate, found at section 47-1-57 of the Mississippi Code, general immunity under section 11-46-9(1)(m) is unavailable. *Id.* at 9–12.

Defendants' Reply [32] disputes both of Plaintiff's arguments against immunity. First, Defendants contend that under the Federal Rules of Civil Procedure, Defendants have not waived immunity because Defendants pled the immunity defense in their Answers [4, 5]. Second, Defendants point out that Mississippi courts have already decided that the State mandate of section 47-1-57 to provide medical care to inmates does not nullify the immunity preserved in section 11-46-9(1)(m) when an inmate claims that he was denied medical care during his incarceration. *See Harvison v.*

3

*Greene Cnty. Sheriff Dep't*, 899 So. 2d 922, 925 (Miss. Ct. App. 2005). Defendants also dispute that they violated any duty imposed by section 47-1-57 to provide medical care, when Plaintiff's Complaint [1] describes how Plaintiff was "seen by a nurse practitioner" and "initially given antibiotics." Compl. [1], at ¶10. Defendants take the position that because Plaintiff does not allege a total denial of medical care, but instead takes issue with the "degree or sufficiency" of care, there is no legitimate argument for nullifying the immunity preserved by section 11-46-9(1)(m). Reply [32], at 8.

II. DISCUSSION

A. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When a defendant cannot be liable for the misconduct alleged as a matter of law due to sovereign immunity, dismissal pursuant to Rule 12(b)(6) is appropriate. *See Gallion v. Hinds Cnty., Miss.*, No. 3:12-cv-736, 2014 WL 4702229, at *1–3 (S.D. Miss. Sept. 22, 2014).

The Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, contains a limited waiver of sovereign immunity for the State and its political subdivisions. Miss. Code Ann. § 11-46-5. Overriding this general waiver, section

4

11-46-9 preserves sovereign immunity for political subdivisions of the State and "and its employees acting within the course and scope of their employment or duties," making them exempt from liability for certain types of claims.  Miss. Code Ann. § 11-46-9.  Among those exemptions is section 11-46-9(1)(m), which preserves immunity from suits brought by plaintiffs who were inmates in a detention center when the cause of action arose.  Miss. Code Ann. § 11-46-9(1)(m).

B.    Defendants Have Not Waived Sovereign Immunity

The County is a political subdivision of the State of Mississippi, and it is undisputed that Sheriff Allison was an employee of the County acting within the course and scope of his employment or duties when Plaintiff's claim arose.  Plaintiff argues, however, that Defendants are not entitled to immunity as a matter of law because they waived this defense by not bringing the instant motion to dismiss at the earliest opportunity.  Resp. [28], at 3–8.  Plaintiff relies on cases decided under Mississippi law to support his contention that Defendants waived immunity.  *Id.*

In Reply, Defendants assert that any issues of waiver in a federal case are decided by applying the Federal Rules of Civil Procedure rather than State substantive law.  Reply [32], at 2 (citing *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007)).

In *Arismendez*, the Fifth Circuit noted that "the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs."  *Id.* (citing *Morgan Guar. Trust Co. of New York v. Blum*, 649 F.2d 342, 344 (5th Cir. 1981)).  Under the Federal Rules, an affirmative defense (like

5

sovereign immunity) is not waived "if the defendant raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond." *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009) (internal citation omitted). In *Skinner v. Hinds Cty., Miss.*, the Court applied *Arismendez* and found that an MTCA immunity defense was not waived, and was raised in a "procedurally proper and sufficient manner under Rule 8(c)" when the defendant raised the immunity defense in its answer. No. 3:10-cv-358, 2014 WL 317872, at *6 (S.D. Miss. Jan. 29, 2014).

Defendants pled the defense of sovereign immunity in their Answers. Cty. Answer [4] at 7–8; Allison Answer [5], at 7. As in *Skinner*, this Court finds that Defendants preserved their MTCA immunity defenses in a procedurally proper and sufficient manner under Rule 8(c), such that there has been no waiver of sovereign immunity.

C.  <u>Section 47-1-57 Does Not Nullify Immunity</u>

Plaintiff argues that section 47-1-57 imposed a ministerial duty to provide Plaintiff with medical care while he was confined in the County jail, and that because Defendants failed to fulfill this statutory duty, immunity under section 11-46-9(1)(m) is unavailable. Resp. [28], at 9.

In *Harvison*, however, the Mississippi Court of Appeals determined that section 47-1-57 does not give rise to an independent tort action for inmates or otherwise nullify the immunity preserved by section 11-46-9(1)(m). 899 So. 2d at 925 ("While the duties delineated in Mississippi Code Annotated Sections 47-1-27,

6

19-25-35, and 47-1-57 still exist, they do not give rise to a tort action because the Mississippi Tort Claims Act specifically excludes claims arising under state law while a person is lawfully incarcerated in a penal facility."). The Court reasoned that "'new legislation must be presumed to have been enacted in light of earlier enactments,' and where statutory provisions are in irreconcilable conflict, the more recently enacted and more specific statute controls over an earlier and more general statute." *Id.* (quoting *Parkerson v. Smith*, 817 So. 2d 529, 533 (Miss. 2002)). While section 47-1-57 was adopted in 1848, the MTCA was adopted in 1984, such that its immunity provisions control over the earlier, more general statute. *Id.*

Even assuming Plaintiff could establish that Defendants violated section 47-1-57 and failed to provide him with medical care, under Mississippi law this violation would not create an independent tort action or nullify Defendants' immunity preserved in section 11-46-9(1)(m). *See Harvison*, 899 So. 2d at 925.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [25] to Dismiss Plaintiff's State law claims is **GRANTED**. Plaintiff's claims asserted under State law are hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 23rd day of November, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE